S95Y0677. IN THE MATTER OF T. PETER O'CALLAGHAN, JR.
(456 SE2d 579)

PER CURIAM.

This disciplinary matter is based on two Formal Complaints filed by the State Bar of Georgia as a result of two grievances filed by clients. The State Bar attempted personal service on Respondent in

---

three different counties unsuccessfully, but ultimately succeeded in serving Respondent by means of certified mail for which he signed. Respondent has failed or refused to participate in this proceeding. The special master found that the allegations in the Formal Complaints were established by default. As to both complaints, the special master found as fact that Respondent accepted employment, received and retained money for that employment, failed to act on behalf of either client, failed to return the money he had accepted from the clients, refused to communicate with the clients despite numerous attempts on their parts, failed to notify either client that he was suspended from the practice of law during the time of his representation of them,[1] failed to cease practicing law immediately upon his suspension, and misrepresented during his personal bankruptcy action the nature of his debt to the clients whose money he had wrongfully retained. Based on those findings, the special master concluded that Respondent violated the following Standards of State Bar Rule 4-102 (d): 4 (engaging in professional conduct involving dishonesty or fraud); 22 and 23 (failing to follow requirements for withdrawing from employment); 44 (abandoning a legal matter); 45 (b) (knowingly making false statement of fact in the course of representation); 45 (e) (knowingly engaging in conduct contrary to a disciplinary rule); 63 (failing to maintain complete records of client funds in his possession and failing to make a complete accounting); and 65 (A) (failing to account for funds held in a fiduciary capacity). The special master also concluded that Respondent violated Bar Rule 4-219 (c) by failing to take appropriate action with regard to his previous suspension. Noting as factors in aggravation that Respondent has substantial experience in the practice of law, that both this disciplinary matter and his previous suspension involved fraud, that he committed multiple offenses while engaged in a pattern of repeated misconduct, and that he refused to acknowledge his wrongdoing in the present matter or even to engage in the disciplinary process, the special master recommended that Respondent be disbarred. The review panel accepted and approved the report of the special master and also recommended disbarment.

Upon consideration of the record in this matter, this Court adopts the recommendation of the review panel. T. Peter O'Callaghan, Jr. is hereby disbarred and it is ordered that his name be stricken from the roll of attorneys licensed to practice law in Georgia. O'Callaghan is reminded of his duties under Bar Rule 4-219 (c) to notify all clients promptly of his inability to represent them, to take

---

[1] In February 1993, Respondent was suspended for 18 months pursuant to a petition for voluntary discipline in which he admitted violations of Standards 4, 44, 45 (b), and 65 (A) of State Bar Rule 4-102. *In the Matter of O'Callaghan*, 262 Ga. 803 (426 SE2d 571) (1993).

all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of that rule. *Disbarred. All the Justices concur.*

DECIDED MAY 15, 1995.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.